**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 1 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO ERNESTO RODRIGUEZ, | No. 14-73278 |
| Petitioner, | Agency No. A095-749-060 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2020**

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Ricardo Ernesto Rodriguez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings and to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen or reconsider.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

The agency did not abuse its discretion in denying Rodriguez's motion to reopen his removal proceedings. Rodriguez did not support his motion with anything other than his counsel's statements, no affidavits or evidentiary material whatsoever. Moreover, he did not demonstrate why the evidence counsel referenced could not have been discovered before or presented at his hearing. In addition, he did not demonstrate that the evidence he sought to submit would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (setting out the standard for a motion to reopen and noting that petitioners who seek to reopen proceedings to pursue relief "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)).

The agency also did not abuse its discretion in denying Rodriguez's motion to reconsider, where his motion failed to identify any error of fact or law in the IJ's prior order. *See* 8 C.F.R. § 1003.23(b)(2).

**PETITION FOR REVIEW DENIED.**